# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**PEGGY WOODARD**                                                         **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 2:19-CV-32-KS-MTP**

**LAWRENCE COUNTY, MISSISSIPPI**                            **DEFENDANT**

## ORDER

Defendant served discovery requests on Plaintiff on August 2, 2019 [15, 16]. On October 21, 2019, the parties had a discovery conference with the Magistrate Judge because Plaintiff had failed to respond to written discovery. After the conference, the Magistrate Judge entered an Order granting Defendant permission to file a motion to compel or other discovery motion. On the same day, Defendant filed a Motion to Compel [18] Plaintiff to respond to its interrogatories and requests for production. Plaintiff did not respond to the motion or answer the written discovery requests. Accordingly, the Court granted the motion [19] on November 5, 2019, and ordered Plaintiff to respond to Defendant's interrogatories and requests for production on or before November 12, 2019, without any objection save attorney-client privilege.

On November 25, 2019, Defendant filed a Motion to Dismiss [20]. According to Defendant, Plaintiff did not provide any response to Defendant's discovery requests, failing to comply with the Court's Order of November 5, 2019. Accordingly, Defendant argues that the Court should dismiss her case without prejudice, pursuant to Rule 37.

Plaintiff did not respond to the Motion to Dismiss [20], and on January 17, 2020, the Court entered an Order to Show Cause [23]. The Court ordered Plaintiff to show cause why the Court should not grant Defendant's motion to dismiss, in light of Plaintiff's complete lack of response. On January 27, 2020, Plaintiff responded [26] to the Order to Show Cause, but Plaintiff provided no substantive explanation for his failure to respond to Defendant's discovery requests or the Court's orders.

Rule 37 provides, in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
>
> > (i) directing that matters embraced in the order or other designated facts be taken as established for purposes of this action, as the prevailing party claims;
> >
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> >
> > (iii) striking pleadings in whole or in part;
> >
> > (iv) staying further proceedings until the order is obeyed;
> >
> > (v) dismissing the action or proceeding in whole or in part;
> >
> > (vi) rendering a default judgment against the disobedient party; or
> >
> > (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A).

The Fifth Circuit has "noted that a district judge should use the draconian remedy of dismissal with prejudice only in extreme circumstances." *Roy v. ADM Grow*

*Mark*, 211 F.3d 593, *3 (5th Cir. 2000). However, "[d]eliberate, repeated refusals to comply with discovery orders have been held to justify the use of this ultimate sanction." *Id*. The Fifth Circuit has highlighted certain considerations which guide the Court's analysis. First, "dismissal is authorized only when the failure to comply with the court's order is due to willfulness, bad faith, or any fault of the petitioner." *Id*. Also, "dismissal is proper only in situations where the deterrent value of Rule 37 cannot be achieved by the use of less drastic sanctions." *Id*.

Here, Plaintiff's counsel first appeared on September 17, 2019. At that point, Plaintiff's discovery responses were already due. Plaintiff finally provided responses to the discovery requests on January 27, 2020 – over five months after the requests were served, over four months after Plaintiff's counsel appeared, over three months after the parties had a discovery conference with the Magistrate Judge, and almost two and a half months after the Court entered an Order [19] granting Defendant's Motion to Compel. Neither Plaintiff nor her counsel have offered any explanation for the delay.

In this situation, the Court believes that "the deterrent value of Rule 37" can be "achieved by the use of less drastic sanctions." *Id*. "Instead of or in addition to" the remedies available under Rule 37(b)(2)(A), the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C). It is beyond question that Plaintiff disobeyed the Court's order and failed

to timely respond to the discovery requests, and Plaintiff has not provided any reason for that failure.

Therefore, the Court **denies** Defendant's Motion to Dismiss [20], but the Court awards Defendant the fees and costs it incurred in filing the Motion to Compel [18] and Motion to Dismiss [10]. Defendant shall file an accounting of such fees and expenses, supported by appropriate documentation, on or before **February 4, 2020**. Plaintiff may then respond to the fee request on or before **February 18, 2020**. Defendant may then reply on or before **February 25, 2020**.

Finally, Plaintiff suggested in her response to the Court's Order to Show Cause that a continuance of the case deadlines is needed. As of right now, the final pretrial conference in this matter is scheduled for April 9, 2020, and the case is set for trial in a two-week trial calendar starting on May 4, 2020. No party has sought an extension of the case deadlines, and none has been granted.

SO ORDERED AND ADJUDGED this 28th day of January, 2020.

                                          /s/     Keith Starrett
                                              KEITH STARRETT
                              UNITED STATES DISTRICT JUDGE